IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| NATALIE QUINDLEN, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| JAVAD PARVIZI, M.D.; RECONSTRUCTIVE ORTHOPEDIC ASSOCIATES, II, PC; THOMAS JEFFERSON UNVERSITY HOSPITALS, INC.; JOHN AND JANE DOES 1-10; and ABC ENTITIES 1-10, | : | |
| | : | |
| Defendants. | : | JURY TRIAL DEMANDED |

## NOTICE OF REMOVAL

Defendants, Javad Parvizi, M.D. and Reconstructive Orthopedic Associates, II, PC, pursuant to 28 U.S.C. §§ 1332 and 1441, hereby give notice of their removal of this action to this Court. In support of removal, Defendants aver as follows:

1. On September 9, 2016, Plaintiff, Natalie Quindlen, filed a complaint in the Superior Court of New Jersey, Law Division, Gloucester County, Docket No.: L-1115-16. A true and correct copy of Plaintiff's Civil Action Summons, Track Assignment Notice, Civil Case Information Statement, and Complaint are attached hereto as Exhibit "A."

2. The defendants are Javad Parvizi, M.D., Reconstructive Orthopedic Associates, II, PC, Thomas Jefferson University Hospitals, Inc., and twenty "John Doe" defendants. *See* Exhibit A.

3. Plaintiff served Defendants with the complaint and related documents identified as Exhibit A on September 22, 2016.

**Complete Diversity of Citizenship Exists**

4. Plaintiff is a citizen of the State of New Jersey.  *See* Exhibit A, ¶ 1.

5. Javad Parvizi, M.D. is a citizen of the Commonwealth of Pennsylvania.

6. Reconstructive Orthopedic Associates, II, PC is a professional corporation organized under the laws of the Commonwealth of Pennsylvania with its principal place of business in the Commonwealth of Pennsylvania.

7. Therefore, Reconstructive Orthopedic Associates, II, PC is a citizen of the Commonwealth of Pennsylvania only.

8. Thomas Jefferson University Hospitals, Inc. is a corporation organized under the laws of the Commonwealth of Pennsylvania with its principal place of business in the Commonwealth of Pennsylvania.

9. Therefore, Thomas Jefferson University Hospitals, Inc. is a citizen of the Commonwealth of Pennsylvania only.

10. The "John Doe" defendants are irrelevant for the purposes of determining diversity.  *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

11. Accordingly, the citizenship of Plaintiff and Defendants is completely diverse.

**The Amount In Controversy Exceeds $75,000**

12. This action satisfies the amount-in-controversy requirement.  *See* 28 U.S.C. § 1332.

13. For the purposes of determining the amount in controversy, the allegations set forth in the plaintiff's complaint must be accepted as true. *See Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987).

14. This is a medical malpractice action. *See* Exhibit A.

15. Plaintiff alleges that Defendants were negligent in her care and treatment. *See* Exhibit A.

16. Plaintiff alleges that she underwent a periacetabular osteotomy for hip dysplasia as a minor on August 8, 2012. *See* Exhibit A, ¶ 7.

17. According to Plaintiff's Complaint, her pain was worse following the surgery. *See* Exhibit A, ¶ 8.

18. Plaintiff underwent a second surgery on November 5, 2013. *See* Exhibit A, ¶ 9.

19. Plaintiff's pain continued following the second surgery. *See* Exhibit A, ¶ 10.

20. Plaintiff was told that that her hip dysplasia was never corrected and still existed. *See* Exhibit A, ¶ 11.

21. Accordingly, Plaintiff underwent a third surgery, another periacetabular osteotomy, on May 26, 2016. *See* Exhibit A, ¶ 12.

22. Plaintiff further alleges that Defendants' alleged negligence caused her "to suffer serious and painful injuries, of a permanent and disabling nature, as well as, emotional upset, emotional distress, physical distress, and anxiety. She has and will in the future be required to incur expenses to treat the injuries sustained by her and has been unable to attend to her usual occupation and affairs, and has received and will receive in the future gratuitous services from her family and others, and will be deprived of her ability to enjoy the full pleasures and quality of life." Exhibit A, ¶ 16.

23. Plaintiff's Complaint does not specify the amount of her alleged damages. *See* Exhibit A.

24. "[T]he amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993).

25. Unless the plaintiff explicitly limits the amount of damages sought, a case may be remanded only if it is a legal certainty that the plaintiff cannot recover more than the jurisdictional amount of $75,000. *See Frederico v. Home Depot*, 507 F.3d 188, 199 (3d Cir. 2007) (*citing St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 58 S. Ct. 586 (1938)).

26. Plaintiff alleges that Defendants' negligence caused her to experience pain for almost four years, caused her to be completely non-weightbearing and wheelchair-bound for months, and caused her to undergo two additional surgeries. *See* Exhibit A.

27. Plaintiff seeks both economic and non-economic damages. *See* Exhibit A.

28. Plaintiff seeks damages for both alleged past and alleged future harm. *See* Exhibit A.

29. Given Plaintiff's demand for wide-ranging damages, including non-economic damages, and damages for ongoing harm, the potential damages which Plaintiff could recover in this action are significant.

30. Therefore, the Court can and should find that the amount in controversy in this action exceeds $75,000.

## **Removal Jurisdiction Exists And Removal Is Proper**

31. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within thirty days of Defendants' receipt of Plaintiff's Complaint, the initial pleading, on September 22, 2016.

32. Removal is proper pursuant to 28 U.S.C. § 1441(b) in cases where "the district courts have original jurisdiction." This Court has original jurisdiction of this matter pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists and the amount in controversy exceeds $75,000.

33. This Notice of Removal meets all requirements set forth in 28 U.S.C. § 1446(b), including the attachment of a copy of all process, pleadings, and orders served upon Defendants in the underlying state court proceedings. *See* Exhibits A.

34. Co-defendant Thomas Jefferson University Hospitals, Inc. consents to the removal of this action.

35. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed with the Superior Court of New Jersey, Law Division, Gloucester County and written notice will be given to Plaintiff.

WHEREFORE, Defendants hereby remove this action to the United States District Court for the District of New Jersey.

                Respectfully submitted,

                **O'BRIEN & RYAN, LLP**

                */s/ Jeffrey P. Brien*
                JEFFREY P. BRIEN
                Hickory Pointe
                2250 Hickory Road, Suite 300
                Plymouth Meeting, PA 19462
                (610) 834-8800
                (610) 834-1749 (fax)
                jbrien@obrlaw.com

                *Attorney for Defendants,*
                *Javad Parvizi, M.D. and Reconstructive*
                *Orthopedic Associates, II, PC*

Dated: October 4, 2016

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| NATALIE QUINDLEN, | : | CIVIL ACTION |
| Plaintiff, | : : : | |
| v. | : : | |
| JAVAD PARVIZI, M.D.; RECONSTRUCTIVE ORTHOPEDIC ASSOCIATES, II, PC; THOMAS JEFFERSON UNVERSITY HOSPITALS, INC.; JOHN AND JANE DOES 1-10; and ABC ENTITIES 1-10, | : : : : : | |
| Defendants. | : | JURY TRIAL DEMANDED |

## **CERTIFICATE OF SERVICE**

I, Jeffrey P. Brien, Esquire, hereby certify that I caused a copy of the foregoing Notice of Removal to be served this day, via electronic filing and United States First Class Mail, postage pre-pad, upon the following:

Suzanne K. Collins, Esquire
Archer & Greiner, P.C.
One Centennial Square
Haddonfield, NJ 08033
*Attorney for Plaintiff,*
*Natalie Quindlen*

Mary Ellen Reilly, Esquire
Thomas Chawluk, Esquire
Post & Schell, P.C.
Four Penn Center
1600 John F. Kennedy Boulevard, 13th Floor
Philadelphia, PA 19103
*Attorneys for Defendant,*
*Thomas Jefferson University Hospitals, Inc.*

2

                        **O'BRIEN & RYAN, LLP**

                        */s/ Jeffrey P. Brien*
                        JEFFREY P. BRIEN
                        Hickory Pointe
                        2250 Hickory Road, Suite 300
                        Plymouth Meeting, PA 19462
                        (610) 834-8800
                        (610) 834-1749 (fax)
                        jbrien@obrlaw.com

                        *Attorney for Defendants,*
                        *Javad Parvizi, M.D. and Reconstructive*
                        *Orthopedic Associates, II, PC*

Dated: October 4, 2016

2