Suzanne K. Collins, Esquire - New Jersey Attorney I.D. 023052001
ARCHER & GREINER, P.C.
A Professional Corporation
One Centennial Square
Haddonfield, New Jersey 08033
(856) 354-3151
Attorneys for Plaintiff

| | | |
|---|---|---|
| NATALIE QUINDLEN,<br><br>v.<br><br>JAVAD PARVIZI, M.D.; RECONSTRUCTIVE ORTHOPEDIC ASSOCIATES, II, PC; THOMAS JEFFERSON UNIVERSITY HOSPITALS, INC.; JOHN AND JANE DOES 1-10; and ABC ENTITIES 1-10, | Plaintiff,<br><br><br><br><br><br><br>Defendants. | **Superior Court of New Jersey**<br><br>LAW DIVISION<br>GLOUCESTER COUNTY<br><br>DOCKET NO.:  GLO-L-1115-16<br><br>**CIVIL ACTION SUMMONS** |

From The State of New Jersey To The Defendant(s) Named Above:    **Javad Parvizi, M.D.**

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Dated:   September 22, 2016                                              _/s/ Michelle M. Smith_
                                                                                          Michelle M. Smith
                                                                                          Superior Court Clerk

Name of Defendant to Be Served:   **Javad Parvizi, M.D.**
Address of Defendant to Be Served:   **Reconstructive Orthopaedic**
                                                              **Associates, II, P.C.**
                                                              **111 South 11th Street**
                                                              **Philadephia, PA  19107**

## DIRECTORY OF SUPERIOR COURT DEPUTY CLERK'S OFFICES
## COUNTY LAWYER REFERRAL AND LEGAL SERVICES OFFICES

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401

LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601

LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Rd.
Mt. Holly, NJ 08060

LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(800) 496-4570

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice
1st Fl., Suite 150
101 S. 5th St.
Camden, NJ 08103

LAWYER REFERRAL
(856) 964-4520
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Cape May Court House, NJ 08210

LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
60 West Broad Street
P.O. Box 10
Bridgeton, NJ 08302

LAWYER REFERRAL
(856) 696-5550
LEGAL SERVICES
(856) 691-0494

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102

LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl., Court House
1 North Broad Street
Woodbury, NJ 08096

LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House - 1st Floor
583 Newark Ave.
Jersey City, NJ 07306

LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822

LAWYER REFERRAL
(908) 735-2611
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court
Middlesex Vicinage
2nd Floor - Tower
56 Paterson Street, P.O. Box 2633
New Brunswick, NJ 08903-2633

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House
P.O. Box 1269
Freehold, NJ 07728-1269

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Morris County Courthouse
Civil Division
Washington and Court Streets
P.O. Box 910
Morristown, NJ 07963-0910

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
118 Washington Street, Room 119
P.O. Box 2191
Toms River, NJ 08754-2191

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton St.
Paterson, NJ 07505

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
Attn: Civil Case Management Office
92 Market St.
Salem, NJ 08079

LAWYER REFERRAL
(856) 678-8363
LEGAL SERVICES
(856) 451-0003

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge Street
Somerville, NJ 08876

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073

LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(908) 475-2010

```
GLOUCESTER COUNTY COURTHOUSE
GLOUCESTER COUNTY CIVIL DIVISION
1 NORTH BROAD ST
WOODBURY        NJ 08096
                              TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (856) 853-3232
COURT HOURS  8:30 AM - 4:30 PM


                 DATE:    SEPTEMBER 09, 2016
                 RE:      QUINDLEN VS JAVAD PARVIZI MD
                 DOCKET:  GLO L -001115 16
```

THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

THE PRETRIAL JUDGE ASSIGNED IS:  HON EUGENE J. MCCAFFREY JR

IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     101
AT:  (856) 853-3295.

IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.

                          ATTENTION:

                              ATT: SUZANNE K. COLLINS
                              ARCHER & GREINER PC
                              ONE CENTENNIAL SQUARE
                              33 EAST EUCLID AVE
                              HADDONFIELD      NJ 08033

JUHHIN0

**RECEIVED**

SEP 1 6 2016

ARCHER & GREINER
A PROFESSIONAL CORPORATION

# CIVIL CASE INFORMATION STATEMENT

## (CIS)



Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1.
**Pleading will be rejected for filing, under *Rule* 1:5-6(c),**
**if information above the black bar is not completed or**
**if attorney's signature is not affixed.**

| FOR USE BY CLERK'S OFFICE ONLY |
| --- |
| PAYMENT TYPE: ☐CK ☐CG ☐CA |
| CHG/CK NO. |
| AMOUNT: |
| OVERPAYMENT: |
| BATCH NUMBER: |

| ATTORNEY/PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
| --- | --- | --- |
| SUZANNE COLLINS, ESQUIRE | 856-795-2121 | Gloucester |

| FIRM NAME (if applicable) | DOCKET NUMBER (When available) |
| --- | --- |
| ARCHER & GREINER | L 11516 |

| OFFICE ADDRESS | DOCUMENT TYPE |
| --- | --- |
| One Centennial Square | Complaint |
| Haddonfield, NJ 08033 | JURY DEMAND ☑YES ☐ NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
| --- | --- |
| Natalie Quindlen, Plaintiff | NATALIE QUINDLEN v. JAVAD PARVIZI, M.D.; ROTHMAN INSTITUTE; THOMAS JEFFERSON UNIVERSITY HOSPITAL; JOHN AND JANE DOES 1-10; and ABC ENTITIES 1-10 |

| CASE TYPE NUMBER (See reverse side for listing) | HURRICANE SANDY RELATED? | |
| --- | --- | --- |
| 605 604 | ☐ YES ☑ NO | IS THIS A PROFESSIONAL MALPRACTICE CASE ☑ YES ☐ NO |
| | | IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING? | IF YES, LIST DOCKET NUMBERS |
| --- | --- |
| ☐ YES ☑ NO | Not applicable. |

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF KNOWN |
| --- | --- |
| ☐ YES ☑ NO | ☐ NONE |
| | ☑ UNKNOWN |

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? | IF YES, IS THAT RELATIONSHIP |
| --- | --- |
| ☐ YES ☑ NO | ☐ EMPLOYER-EMPLOYEE ☐ FRIEND/NEIGHBOR ☐ OTHER/(explain) |
| | ☐ FAMILIAL ☐ BUSINESS |

DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ☐ YES ☑ NO

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERAED DISPOSITION:

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ YES ☑ NO | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION: |
| --- | --- |

WILL AN INTERPRETER BE NEEDED? ☐ YES ☑ NO      IF YES, FOR WHAT LANGUAGE?

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

| ATTORNEY SIGNATURE | RECEIVED & FILED |
| --- | --- |
| *[signature]* | SEP 9 – 2016 |
| | SUPERIOR COURT OF NJ GLO. COUNTY CIVIL PART |

**ARCHER & GREINER**
A Professional Corporation
One Centennial Square
Haddonfield, New Jersey 08033
(856) 795-2121
Attorneys for Plaintiff
BY:    SUZANNE K. COLLINS, ESQUIRE

RECEIVED & FILED

SEP 9 - 2016

SUPERIOR COURT OF NJ
GLO. COUNTY CIVIL PART

New Jersey Attorney I.D.  023052001

| | |
|---|---|
| NATALIE QUINDLEN,<br><br>                                 Plaintiff,<br><br>v.<br><br>JAVAD PARVIZI, M.D.; RECONSTRUCTIVE ORTHOPEDIC ASSOCIATES, II, PC; THOMAS JEFFERSON UNIVERSITY HOSPITALS, INC.; JOHN AND JANE DOES 1-10; and ABC ENTITIES 1-10,<br><br>                                 Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>GLOUCESTER COUNTY<br><br>DOCKET NO.:  L 1115-16<br><br>Civil Action<br><br>**COMPLAINT** |

Plaintiff, Natalie Quindlen, by way of Complaint against Defendants states as follows:

## BACKGROUND

1.      Natalie Quindlen is an individual residing at 231 Tavistock Lane, Sewell, Gloucester County, New Jersey.

2.      Defendant, Javad Parvizi, M.D., is a licensed professional providing medical care, purporting to specialize in orthopaedic medicine.  Upon information and belief, Dr. Parvizi was an agent, apparent agent, servant, or employee of Reconstructive Orthopedic Associates, II, PC (The Rothman Institute) and/or Thomas Jefferson University Hospitals, Inc. and was a utilizing Thomas Jefferson University Hospitals, Inc.'s facilities.

3.      Defendant, Reconstructive Orthopedic Associates, II, PC (The Rothman Institute), is a corporation duly organized under the laws of the Commonwealth of Pennsylvania and is engaged in the business of providing healthcare and services to the public maintaining its place of business at 111 South 11th Street, Philadelphia, Pennsylvania.

1

4.     Defendant, Thomas Jefferson University Hospitals, Inc., is a corporation duly organized under the laws of the Commonwealth of Pennsylvania and is engaged in the business of providing healthcare and services to the public maintaining its place of business at 925 Chestnut Street, Philadelphia, Pennsylvania.

5.     At all times mentioned herein, John and Jane Does 1 through 10 (fictitiously named unknown physicians, and/or residents, nurses and/or medical personnel) were and are now physicians, residents, nurses and/or medical personal and/or who acted as servants, agents and/or employees of the Defendant, Reconstructive Orthopedic Associates, II, PC (The Rothman Institute) and/or Thomas Jefferson University Hospitals, Inc. who participated in Natalie Quindlen's care.

6.     At all times mentioned herein, Defendants, Reconstructive Orthopedic Associates, II, PC, Thomas Jefferson University Hospitals, Inc., and ABC Entities 1-10 (fictitiously named entities, medical organizations and/or medical practice groups who participated in Natalie Quindlen's care and treatment and/or employed the Defendants) were and are now medical organizations and/or practice groups who participated in Plaintiff's care and treatment and/or employed the Defendant Javad Parvizi, M.D. and John and Jane Does 1 through 10.

7.     On or about August 8, 2012, Natalie Quindlen, a minor, was admitted to Thomas Jefferson University Hospital ("TJUH") for a right Periacetabular Osteotomy for hip dysplasia.

8.     Following surgery, Ms. Quindlen was completely non-weightbearing and wheelchair bound for months.  After the initial post operative period, she started physical therapy and continued to have pain, to an even greater degree than before the surgery.

9.      On November 5, 2013, she was readmitted to  TJUH for a revision surgery and removal of hardware that was suspected to be causing her pain. The second procedure gave her no additional pain relief.

10.     Plaintiff thereafter followed up with physical therapy and her surgeon for a period of approximately two (2) years.  During that time, her painful symptoms continued.  She followed up with other doctors at the suggestion of her surgeon, to see if the pain was coming from some other source.  No other pain source, injury or illness was discovered to explain the plaintiff's continued symptoms.

11.     In September 2014, as a result of her continued painful hip following her two (2) surgeries, plaintiff sought a second opinion at the Children's Hospital of Philadelphia ("CHOP"). At which time, she was told she would need another surgical procedure because her hip dysplasia still existed and was never corrected.

12.     Plaintiff underwent her third surgical procedure, another Periacetabular Osteotomy, on May 26, 2016 at CHOP.

## FIRST COUNT

13.     On August 8, 2012, Plaintiff, Natalie Quindlen, underwent a Periacetabular Osteotomy to repair degenerative hip dysplasia.

14.     At all times mentioned herein, Defendants, Reconstructive Orthopedic Associates, II, PC, Thomas Jefferson University Hospitals, Inc., and ABC Entities 1-10 held themselves out as being able to provide skilled, careful and diligent employees, servants and/or agents and had a duty to exercise the degree of care and skill in the treatment of Plaintiff, Natalie Quindlen, which was in accordance with the generally accepted medical standards of care and skill utilized by medical facilities in examining, diagnosing and treating persons such as Plaintiff, Natalie Quindlen.

3

15.     The Defendants, Javad Parvizi, M.D, John and Jane Does 1 through 10,

Reconstructive Orthopedic Associates, II, PC, Thomas Jefferson University Hospitals, Inc., and

ABC Entities 1-10, negligently and carelessly failed to exercise a degree of care and skill

required of them in their treatment of Plaintiff, Natalie Quindlen, including but not limited to the

following deviations from generally accepted standards:

(a)     Failing to properly monitor, evaluate and treat Natalie Quindlen with respect to her medical condition;

(b)     Failing to properly diagnose and provide appropriate medical treatment to Natalie Quindlen;

(c)     Failing to comply with the needs of Natalie Quindlen with regard to necessary intervention by qualified medical health care practitioners and physicians;

(d)     By having in their employ individuals unqualified to deal with the signs and symptoms exhibited and to act upon them in a manner calculated to preserve the health and safety of individuals such as Natalie Quindlen;

(e)     Failing to provide reasonable adequate and competent care by physicians;

(f)     Failing to establish protocols to insure the proper care and treatment of individuals such as Natalie Quindlen;

(g)     Failing to properly monitor the qualifications of all doctors, nurses and/or agents, servants, workers and/or employees diagnosing, treating, monitoring and/or caring for Natalie Quindlen;

(h)     Negligent performance of surgery/surgeries on Natalie Quindlen;

(i)     Negligent use of materials/products/instruments during surgery;

(j)     Use of improper materials/products/instruments during surgery;

(k)     Negligently providing care/treatment to Natalie Quindlen following her periacetabular osteotomy surgery;

(l)     Failing to obtain proper and informed consent for the treatment rendered to Plaintiff, Natalie Quindlen;

(m)     Failing to provide Plaintiff, Natalie Quindlen with sufficient information in order for her to be properly informed with respect to her treatment decisions, including her refusal, if any, of any recommended treatment;

4

(n)     The Defendants were otherwise negligent and careless and otherwise deviated from generally accepted medical standards in the treatment of Natalie Quindlen.

16.     As a direct and proximate result of the negligence of Defendants Javad Parvizi, M.D, John and Jane Does 1 through 10, Reconstructive Orthopedic Associates, II, PC, Thomas Jefferson University Hospitals, Inc., and ABC Entities 1-10, Plaintiff Natalie Quindlen was caused to suffer serious and painful injuries, of a permanent and disabling nature, as well as, emotional upset, emotional distress, physical distress, and anxiety.  She has and will in the future be required to incur expenses to treat the injuries sustained by her and has been unable to attend to her usual occupation and affairs, and has received and will receive in the future gratuitous services from her family and others, and will be deprived of her ability to enjoy the full pleasures and quality of life.

**WHEREFORE**, Plaintiff, Natalie Quindlen, demands entry of judgment against Javad Parvizi, M.D, John and Jane Does 1 through 10, Reconstructive Orthopedic Associates, II, PC, Thomas Jefferson University Hospitals, Inc., and ABC Entities 1-10 individually, jointly, severally, or in the alternative, for damages, interest, attorneys' fees and cost of suit and as otherwise provided by law.

## SECOND COUNT

17.     Plaintiffs repeat and replead each allegation contained in the First Count of the Complaint as if same were repeated at length herein.

18.     At all times mentioned herein, Javad Parvizi, M.D. and John and Jane Does 1-10 were the actual, apparent or ostensible agents and/or servants and/or employees of Defendants Reconstructive Orthopedic Associates, II, PC, Thomas Jefferson University Hospitals, Inc., and ABC Entities 1-10 and were acting within the scope of their employment or agency with the Defendants.

19.     The Defendants, Reconstructive Orthopedic Associates, II, PC, Thomas Jefferson University Hospitals, Inc., and ABC Entities 1-10, by their actions, held out Javad Parvizi, M.D. and John and Jane Does 1-10 as their agents and/or employees and Plaintiff, Natalie Quindlen accepted treatment from these Defendants in the reasonable belief that it was rendered on behalf of Defendants Reconstructive Orthopedic Associates, II, PC, Thomas Jefferson University Hospitals, Inc., and ABC Entities 1-10.

20.     As a result of these relationships, Defendants Reconstructive Orthopedic Associates, II, PC, Thomas Jefferson University Hospitals, Inc., and ABC Entities 1-10, are responsible and/or vicariously liable for the negligence of Defendants Javad Parvizi, M.D. and John and Jane Does 1-10.

**WHEREFORE,** Plaintiff, Natalie Quindlen, demands entry of judgment against Javad Parvizi, M.D., John and Jane Does 1-10, Reconstructive Orthopedic Associates, II, PC, Thomas Jefferson University Hospitals, Inc., and ABC Entities 1-10 individually, jointly, severally, or in the alternative, for damages, interest, attorneys' fees and cost of suit and as otherwise provided by law.

## DEMAND FOR DOCUMENTS

Plaintiffs demand that Defendants produce complete copes of all documents in their possession in response to the attached Notice to Produce within 50 days of service of the Complaint pursuant to R. 4:18-1(b)(2).

## DEMAND FOR ANSWERS TO INTERROGATORIES

Plaintiffs hereby request and demand that Defendants provide Answers to Uniform Interrogatories, Form C and C(3).

6

## DEMAND FOR INSURANCE COVERAGE

Plaintiffs demand that Defendants provide an accurate statement as to all insurance coverage, whether primary, excess or otherwise, which may be available to satisfy the claims in this matter and provide complete copies of the declaration pages of every such policy of insurance within 50 days of service of this Complaint pursuant to R. 4:10-2(b).

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues.

## DESIGNATION OF TRIAL COUNSEL

Suzanne K. Collins, Esquire, is hereby designated as Trial Counsel pursuant to R. 4:25-4.

## R. 4:5-1 CERTIFICATION

I hereby certify that, to the best of my knowledge, the subject matter of the cause of action herein is not the subject of any other action pending in any court or of any pending arbitration proceeding and that no other court proceedings or arbitration proceedings are contemplated and that no other parties need be joined.

ARCHER & GREINER, P.C.
A Professional Corporation
Attorneys for Plaintiff

BY: _____
     SUZANNE K. COLLINS

Dated: September 9, 2016

114875692v1

7

Suzanne K. Collins, Esquire - New Jersey Attorney I.D. 023052001
ARCHER & GREINER, P.C.
A Professional Corporation
One Centennial Square
Haddonfield, New Jersey 08033
(856) 354-3152
Attorneys for Plaintiff

| NATALIE QUINDLEN,<br><br>                            Plaintiff,<br>v.<br><br>JAVAD PARVIZI, M.D.; RECONSTRUCTIVE<br>ORTHOPEDIC ASSOCIATES, II, PC; THOMAS<br>JEFFERSON UNIVERSITY HOSPITALS, INC.;<br>JOHN AND JANE DOES 1-10; and ABC<br>ENTITIES 1-10,<br><br>                          Defendants. | **Superior Court of<br>New Jersey**<br><br>LAW DIVISION<br>GLOUCESTER COUNTY<br><br>DOCKET NO.:  GLO-L-1115-16<br><br>**CIVIL ACTION<br>SUMMONS** |
|---|---|

From The State of New Jersey To The Defendant(s) Named Above:   **Reconstructive Orthopaedic<br>Associates, II, P.C.**

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Dated:   September 22, 2016                      */s/ Michelle M. Smith*
                                              Michelle M. Smith
                                              Superior Court Clerk

Name of Defendant to Be Served:   **Reconstructive Orthopaedic
                                       Associates, II, P.C.**

Address of Defendant to Be Served:   **111 South 11th Street
                                       Philadephia, PA  19107**

## DIRECTORY OF SUPERIOR COURT DEPUTY CLERK'S OFFICES
## COUNTY LAWYER REFERRAL AND LEGAL SERVICES OFFICES

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401

LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601

LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Rd.
Mt. Holly, NJ 08060

LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(800) 496-4570

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice
1st Fl., Suite 150
101 S. 5th St.
Camden, NJ 08103

LAWYER REFERRAL
(856) 964-4520
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Cape May Court House, NJ 08210

LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
60 West Broad Street
P.O. Box 10
Bridgeton, NJ 08302

LAWYER REFERRAL
(856) 696-5550
LEGAL SERVICES
(856) 691-0494

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102

LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl., Court House
1 North Broad Street
Woodbury, NJ 08096

LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House - 1st Floor
583 Newark Ave.
Jersey City, NJ 07306

LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822

LAWYER REFERRAL
(908) 735-2611
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court
Middlesex Vicinage
2nd Floor - Tower
56 Paterson Street, P.O. Box 2633
New Brunswick, NJ 08903-2633

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House
P.O. Box 1269
Freehold, NJ 07728-1269

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Morris County Courthouse
Civil Division
Washington and Court Streets
P.O. Box 910
Morristown, NJ 07963-0910

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
118 Washington Street, Room 119
P.O. Box 2191
Toms River, NJ 08754-2191

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton St.
Paterson, NJ 07505

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
Attn: Civil Case Management Office
92 Market St.
Salem, NJ 08079

LAWYER REFERRAL
(856) 678-8363
LEGAL SERVICES
(856) 451-0003

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge Street
Somerville, NJ 08876

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073

LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(908) 475-2010

GLOUCESTER COUNTY COURTHOUSE
GLOUCESTER COUNTY CIVIL DIVISION
1 NORTH BROAD ST
WOODBURY          NJ 08096

                                    TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (856) 853-3232
COURT HOURS  8:30 AM - 4:30 PM


                        DATE:    SEPTEMBER 09, 2016
                        RE:      QUINDLEN VS JAVAD PARVIZI MD
                        DOCKET: GLO L -001115 16


     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

     DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON EUGENE J. MCCAFFREY JR

      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      101
AT:  (856) 853-3295.

      IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
      PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                        ATTENTION:

                             ATT: SUZANNE K. COLLINS
                             ARCHER & GREINER PC
                             ONE CENTENNIAL SQUARE
                             33 EAST EUCLID AVE
                             HADDONFIELD      NJ 08033

JUHHIN0


**RECEIVED**

SEP 1 6 2016

ARCHER & GREINER
A PROFESSIONAL CORPORATION

# CIVIL CASE INFORMATION STATEMENT
## (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1.
**Pleading will be rejected for filing, under *Rule* 1:5-6(c),**
if information above the black bar is not completed or
if attorney's signature is not affixed.



| FOR USE BY CLERK'S OFFICE ONLY |
| --- |
| PAYMENT TYPE: ☐CK ☐CG ☐CA |
| CHG/CK NO. |
| AMOUNT: |
| OVERPAYMENT: |
| BATCH NUMBER: |

| ATTORNEY/PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
| --- | --- | --- |
| SUZANNE COLLINS, ESQUIRE | 856-795-2121 | Gloucester |

| FIRM NAME (if applicable) | DOCKET NUMBER (When available) |
| --- | --- |
| ARCHER & GREINER | L 115 16 |

| OFFICE ADDRESS | DOCUMENT TYPE |
| --- | --- |
| One Centennial Square Haddonfield, NJ 08033 | Complaint |
| | JURY DEMAND ☑YES ☐ NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
| --- | --- |
| Natalie Quindlen, Plaintiff | NATALIE QUINDLEN v. JAVAD PARVIZI, M.D.; ROTHMAN INSTITUTE; THOMAS JEFFERSON UNIVERSITY HOSPITAL; JOHN AND JANE DOES 1-10; and ABC ENTITIES 1-10 |

| CASE TYPE NUMBER (See reverse side for listing) | HURRICANE SANDY RELATED? | IS THIS A PROFESSIONAL MALPRACTICE CASE  ☑ YES  ☐ NO |
| --- | --- | --- |
| 605 604 aspen proz | ☐ YES ☑ NO | IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING? | IF YES, LIST DOCKET NUMBERS |
| --- | --- |
| ☐ YES    ☑ NO | Not applicable. |

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF KNOWN |
| --- | --- |
| ☐ YES ☑ NO | ☐ NONE    ☑ UNKNOWN |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? | IF YES, IS THAT RELATIONSHIP |
| --- | --- |
| ☐ YES ☑ NO | ☐ EMPLOYER-EMPLOYEE  ☐ FRIEND/NEIGHBOR  ☐ OTHER/(explain) ☐ FAMILIAL  ☐ BUSINESS |

DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ☐ YES ☑ NO

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:

| ♿ DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ YES ☑ NO | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION: |
| --- | --- |

| WILL AN INTERPRETER BE NEEDED? ☐ YES ☑ NO | IF YES, FOR WHAT LANGUAGE? |
| --- | --- |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE

*Suzanne K. Coll* (signature)

RECEIVED & FILED

SEP 9 - 2016

SUPERIOR COURT OF NJ
GLO. COUNTY CIVIL PART

**ARCHER & GREINER**
A Professional Corporation
One Centennial Square
Haddonfield, New Jersey 08033
(856) 795-2121
Attorneys for Plaintiff
BY:   SUZANNE K. COLLINS, ESQUIRE - New Jersey Attorney I.D.  023052001

RECEIVED & FILED

SEP 9 - 2016

SUPERIOR COURT OF NJ
GLO. COUNTY CIVIL PART

| | |
|---|---|
| NATALIE QUINDLEN,<br><br>                              Plaintiff,<br><br>v.<br><br>JAVAD PARVIZI, M.D.; RECONSTRUCTIVE<br>ORTHOPEDIC ASSOCIATES, II, PC;<br>THOMAS JEFFERSON UNIVERSITY<br>HOSPITALS, INC.; JOHN AND JANE DOES<br>1-10; and ABC ENTITIES 1-10,<br><br>                              Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>GLOUCESTER COUNTY<br><br>DOCKET NO.:   L 1115-16<br><br>Civil Action<br><br>**COMPLAINT** |

Plaintiff, Natalie Quindlen, by way of Complaint against Defendants states as follows:

## BACKGROUND

1.     Natalie Quindlen is an individual residing at 231 Tavistock Lane, Sewell,
Gloucester County, New Jersey.

2.     Defendant, Javad Parvizi, M.D., is a licensed professional providing medical care,
purporting to specialize in orthopaedic medicine.  Upon information and belief, Dr. Parvizi was
an agent, apparent agent, servant, or employee of Reconstructive Orthopedic Associates, II, PC
(The Rothman Institute) and/or Thomas Jefferson University Hospitals, Inc. and was a utilizing
Thomas Jefferson University Hospitals, Inc.'s facilities.

3.     Defendant, Reconstructive Orthopedic Associates, II, PC (The Rothman Institute),
is a corporation duly organized under the laws of the Commonwealth of Pennsylvania and is
engaged in the business of providing healthcare and services to the public maintaining its place
of business at 111 South 11th Street, Philadelphia, Pennsylvania.

1

4.      Defendant, Thomas Jefferson University Hospitals, Inc., is a corporation duly organized under the laws of the Commonwealth of Pennsylvania and is engaged in the business of providing healthcare and services to the public maintaining its place of business at 925 Chestnut Street, Philadelphia, Pennsylvania.

5.      At all times mentioned herein, John and Jane Does 1 through 10 (fictitiously named unknown physicians, and/or residents, nurses and/or medical personnel) were and are now physicians, residents, nurses and/or medical personal and/or who acted as servants, agents and/or employees of the Defendant, Reconstructive Orthopedic Associates, II, PC (The Rothman Institute) and/or Thomas Jefferson University Hospitals, Inc. who participated in Natalie Quindlen's care.

6.      At all times mentioned herein, Defendants, Reconstructive Orthopedic Associates, II, PC, Thomas Jefferson University Hospitals, Inc., and ABC Entities 1-10 (fictitiously named entities, medical organizations and/or medical practice groups who participated in Natalie Quindlen's care and treatment and/or employed the Defendants) were and are now medical organizations and/or practice groups who participated in Plaintiff's care and treatment and/or employed the Defendant Javad Parvizi, M.D. and John and Jane Does 1 through 10.

7.      On or about August 8, 2012, Natalie Quindlen, a minor, was admitted to Thomas Jefferson University Hospital ("TJUH") for a right Periacetabular Osteotomy for hip dysplasia.

8.      Following surgery, Ms. Quindlen was completely non-weightbearing and wheelchair bound for months.  After the initial post operative period, she started physical therapy and continued to have pain, to an even greater degree than before the surgery.

2

9.      On November 5, 2013, she was readmitted to TJUH for a revision surgery and removal of hardware that was suspected to be causing her pain. The second procedure gave her no additional pain relief.

10.     Plaintiff thereafter followed up with physical therapy and her surgeon for a period of approximately two (2) years. During that time, her painful symptoms continued. She followed up with other doctors at the suggestion of her surgeon, to see if the pain was coming from some other source. No other pain source, injury or illness was discovered to explain the plaintiff's continued symptoms.

11.     In September 2014, as a result of her continued painful hip following her two (2) surgeries, plaintiff sought a second opinion at the Children's Hospital of Philadelphia ("CHOP"). At which time, she was told she would need another surgical procedure because her hip dysplasia still existed and was never corrected.

12.     Plaintiff underwent her third surgical procedure, another Periacetabular Osteotomy, on May 26, 2016 at CHOP.

### FIRST COUNT

13.     On August 8, 2012, Plaintiff, Natalie Quindlen, underwent a Periacetabular Osteotomy to repair degenerative hip dysplasia.

14.     At all times mentioned herein, Defendants, Reconstructive Orthopedic Associates, II, PC, Thomas Jefferson University Hospitals, Inc., and ABC Entities 1-10 held themselves out as being able to provide skilled, careful and diligent employees, servants and/or agents and had a duty to exercise the degree of care and skill in the treatment of Plaintiff, Natalie Quindlen, which was in accordance with the generally accepted medical standards of care and skill utilized by medical facilities in examining, diagnosing and treating persons such as Plaintiff, Natalie Quindlen.

3

15. The Defendants, Javad Parvizi, M.D, John and Jane Does 1 through 10,

Reconstructive Orthopedic Associates, II, PC, Thomas Jefferson University Hospitals, Inc., and

ABC Entities 1-10, negligently and carelessly failed to exercise a degree of care and skill

required of them in their treatment of Plaintiff, Natalie Quindlen, including but not limited to the

following deviations from generally accepted standards:

     (a)    Failing to properly monitor, evaluate and treat Natalie Quindlen with respect to her medical condition;

     (b)    Failing to properly diagnose and provide appropriate medical treatment to Natalie Quindlen;

     (c)    Failing to comply with the needs of Natalie Quindlen with regard to necessary intervention by qualified medical health care practitioners and physicians;

     (d)    By having in their employ individuals unqualified to deal with the signs and symptoms exhibited and to act upon them in a manner calculated to preserve the health and safety of individuals such as Natalie Quindlen;

     (e)    Failing to provide reasonable adequate and competent care by physicians;

     (f)    Failing to establish protocols to insure the proper care and treatment of individuals such as Natalie Quindlen;

     (g)    Failing to properly monitor the qualifications of all doctors, nurses and/or agents, servants, workers and/or employees diagnosing, treating, monitoring and/or caring for Natalie Quindlen;

     (h)    Negligent performance of surgery/surgeries on Natalie Quindlen;

     (i)    Negligent use of materials/products/instruments during surgery;

     (j)    Use of improper materials/products/instruments during surgery;

     (k)    Negligently providing care/treatment to Natalie Quindlen following her periacetabular osteotomy surgery;

     (l)    Failing to obtain proper and informed consent for the treatment rendered to Plaintiff, Natalie Quindlen;

     (m)    Failing to provide Plaintiff, Natalie Quindlen with sufficient information in order for her to be properly informed with respect to her treatment decisions, including her refusal, if any, of any recommended treatment;

4

(n)     The Defendants were otherwise negligent and careless and otherwise deviated from generally accepted medical standards in the treatment of Natalie Quindlen.

16.     As a direct and proximate result of the negligence of Defendants Javad Parvizi, M.D, John and Jane Does 1 through 10, Reconstructive Orthopedic Associates, II, PC, Thomas Jefferson University Hospitals, Inc., and ABC Entities 1-10, Plaintiff Natalie Quindlen was caused to suffer serious and painful injuries, of a permanent and disabling nature, as well as, emotional upset, emotional distress, physical distress, and anxiety.  She has and will in the future be required to incur expenses to treat the injuries sustained by her and has been unable to attend to her usual occupation and affairs, and has received and will receive in the future gratuitous services from her family and others, and will be deprived of her ability to enjoy the full pleasures and quality of life.

WHEREFORE, Plaintiff, Natalie Quindlen, demands entry of judgment against Javad Parvizi, M.D, John and Jane Does 1 through 10, Reconstructive Orthopedic Associates, II, PC, Thomas Jefferson University Hospitals, Inc., and ABC Entities 1-10 individually, jointly, severally, or in the alternative, for damages, interest, attorneys' fees and cost of suit and as otherwise provided by law.

## SECOND COUNT

17.     Plaintiffs repeat and replead each allegation contained in the First Count of the Complaint as if same were repeated at length herein.

18.     At all times mentioned herein, Javad Parvizi, M.D. and John and Jane Does 1-10 were the actual, apparent or ostensible agents and/or servants and/or employees of Defendants Reconstructive Orthopedic Associates, II, PC, Thomas Jefferson University Hospitals, Inc., and ABC Entities 1-10 and were acting within the scope of their employment or agency with the Defendants.

5

19.    The Defendants, Reconstructive Orthopedic Associates, II, PC, Thomas Jefferson University Hospitals, Inc., and ABC Entities 1-10, by their actions, held out Javad Parvizi, M.D. and John and Jane Does 1-10 as their agents and/or employees and Plaintiff, Natalie Quindlen accepted treatment from these Defendants in the reasonable belief that it was rendered on behalf of Defendants Reconstructive Orthopedic Associates, II, PC, Thomas Jefferson University Hospitals, Inc., and ABC Entities 1-10.

20.    As a result of these relationships, Defendants Reconstructive Orthopedic Associates, II, PC, Thomas Jefferson University Hospitals, Inc., and ABC Entities 1-10, are responsible and/or vicariously liable for the negligence of Defendants Javad Parvizi, M.D. and John and Jane Does 1-10.

**WHEREFORE,** Plaintiff, Natalie Quindlen, demands entry of judgment against Javad Parvizi, M.D., John and Jane Does 1-10, Reconstructive Orthopedic Associates, II, PC, Thomas Jefferson University Hospitals, Inc., and ABC Entities 1-10 individually, jointly, severally, or in the alternative, for damages, interest, attorneys' fees and cost of suit and as otherwise provided by law.

## DEMAND FOR DOCUMENTS

Plaintiffs demand that Defendants produce complete copes of all documents in their possession in response to the attached Notice to Produce within 50 days of service of the Complaint pursuant to R. 4:18-1(b)(2).

## DEMAND FOR ANSWERS TO INTERROGATORIES

Plaintiffs hereby request and demand that Defendants provide Answers to Uniform Interrogatories, Form C and C(3).

## DEMAND FOR INSURANCE COVERAGE

Plaintiffs demand that Defendants provide an accurate statement as to all insurance coverage, whether primary, excess or otherwise, which may be available to satisfy the claims in this matter and provide complete copies of the declaration pages of every such policy of insurance within 50 days of service of this Complaint pursuant to R. 4:10-2(b).

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues.

## DESIGNATION OF TRIAL COUNSEL

Suzanne K. Collins, Esquire, is hereby designated as Trial Counsel pursuant to R. 4:25-4.

## R. 4:5-1 CERTIFICATION

I hereby certify that, to the best of my knowledge, the subject matter of the cause of action herein is not the subject of any other action pending in any court or of any pending arbitration proceeding and that no other court proceedings or arbitration proceedings are contemplated and that no other parties need be joined.

ARCHER & GREINER, P.C.
A Professional Corporation
Attorneys for Plaintiff

BY: _____
SUZANNE K. COLLINS

Dated: September 9, 2016

114875692v1

7